UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Timothy Blake, individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.                                         **Class Action**

J.L. Barnes Insurance Agency, Inc.
an Illinois Corporation d/b/a JLBG HEALTH,

      Defendant.
_____/

## COMPLAINT

and

## JURY DEMAND

This is a class action alleging that the Defendant J.L. Barnes Insurance Agency, Inc. an Illinois Corporation d/b/a JLBG HEALTH ("JLBG HEALTH") has violated the Telephone Consumer Protection Act and implementing regulations by sending facsimile advertisements to persons and entities that do not contain the legally required opt-out language.  Plaintiff, Timothy Blake, individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

### PRELIMINARY STATEMENT

1.      The Telephone Consumer Protection Act, as amended by the Junk Facsimile Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct and authorizes an award of damages whenever a violation occurs.  The TCPA provides a private right of action and statutory damages for each violation.

2.      Plaintiff Timothy Blake, individually and on behalf of all others similarly situated, brings this action against Defendant JLBG HEALTH for its violation of the TCPA for the sending of noncompliant facsimile advertisements promoting Defendant's products and services to the telephone facsimile machine of the Plaintiff and to the telephone facsimile machines of other persons or entities that do not contain the requisite opt-out notice.   The facsimile advertisement sent to Plaintiff's facsimile machine is attached hereto as Exhibit A ("Facsimile Advertisement").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in Miami, Florida, and the offending facsimile was sent to Plaintiff's facsimile number, which has a Miami area code, and is connected to a facsimile machine in Miami, Florida.

## PARTIES

5.      Plaintiff, Timothy Blake, has his principal place of business in Miami-Dade County at 66 West Flagler Second Floor, Miami, FL 33130.

6.      Defendant, J.L. Barnes Insurance Agency, Inc. d/b/a/JLBG HEALTH, is a for-profit Illinois corporation with its principal place of business at 4355 Weaver Parkway, Warrenville, IL 60555.  Defendant conducts business in the State of Florida and certain other states by marketing its products and/or services to the members of affiliated associations.

2

## GENERAL ALLEGATIONS

7.     Defendant is an insurance brokerage and benefits management firm.

8.     Defendant owns and operates the American Health Insurance Exchange (AHIX), which sells insurance products and services.

9.     Defendant has partnered with over 350 member associations to market branded insurance products and services to their members, employees, and family members, including the American Bar Association and the American Medical Association.

10.     Defendant establishes a toll-free telephone number and a branded website in order to sell and market Defendant's insurance products and services to the members, employees, and family members of the member associations.

11.     The American Association for Justice (AAJ) is a member association of JLBG HEALTH.

12.     In order to market its products and services to AAJ's members, employees, and family members, JLBG HEALTH established the website located at www.aajhealthcareplans.com (the "AAJ Health Care Marketplace Website"), and a toll-free number (1-888-715-6585).

13.     Defendant uses the name AAJ Health Care Marketplace to market its products and services to the AAJ membership.

14.     Plaintiff is a member of the AAJ.

15.     On or about July 10, 2014, Defendant, or a third party on its behalf, transmitted a facsimile advertisement promoting Defendant's products and services to Plaintiff's telephone facsimile machine at (305) 373-4323.  *See* Ex. A.

16.     Defendant's Facsimile Advertisement promotes the AAJ Health Care Marketplace, and includes the toll-free number listed on Defendant's AAJ Health Care Marketplace Website, which is answered by Defendant, its agents and/or representatives.

17.     Defendant's Facsimile Advertisement failed to contain an opt-out notice, as required by the TCPA.

18.     Upon information and belief, Defendant, or a third party on its behalf, sent similar Facsimile Advertisements, without the mandatory TCPA opt-out notice, to the telephone facsimile machines of other AAJ members.

19.     A compliant opt-out notice is required to be included on all Facsimile Advertisements by the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a)(4).

## **CLASS ACTION ALLEGATIONS**

20.     Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

21.     Plaintiff brings this class action pursuant to the TCPA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as: "All persons and entities who were sent the Facsimile Advertisement."

22.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff, upon information and belief, avers that the proposed class is in excess of 100 persons. AAJ has more than

55,000 members. The class size is so numerous that joinder of all members is impracticable and uneconomical.

23.     Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

a.   whether Defendant (or another on its behalf) transmitted the Facsimile Advertisement promoting Defendant's products and services to the telephone facsimile machines of Plaintiff and other members of the Plaintiff Class;

b.   whether Defendant's Facsimile Advertisement failed to include opt-out language required by the TCPA;

c.   whether Defendant violated the provisions of 47 C.F.R. § 64.1200 by sending the Facsimile Advertisement that failed to include opt-out language;

d.   whether Plaintiff and the other members of the Plaintiff Class are entitled to statutory damages; and

e.   whether Plaintiff and the other members of the Plaintiff Class are entitled to treble damages.

24.     Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiff, Timothy Blake, are typical of the claims of all members of the Plaintiff Class. Defendant sent the Facsimile Advertisement promoting its products to Plaintiff and the Plaintiff Class that failed to contain requisite opt-out language.  Plaintiff raises questions of fact and law common to the Plaintiff Class, and Plaintiff's injuries arise from the same conduct as all members of the Plaintiff Class.  The Defendant has acted the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

25.     Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The named Plaintiff, Timothy Blake, will fairly and adequately represent and protect the interests of the Plaintiff Class.  Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class.  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent himself and the Plaintiff Class.

26.     Class counsel is experienced in class action litigation and has successfully litigated class claims.

27.     Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)): A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.  proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.  evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records, or that of an agent, and will not require individualized or separate inquiries or proceedings;

c.  the amount likely to be recovered by individual class members does not support individual litigation;

d.  a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e.  this case is inherently manageable as a class action in that:

    i.  the Defendant identified persons or entities who are members of AAJ to receive the Facsimile Advertisement transmissions and it is believed that the Defendant's computer and business records, or that of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.  liability and damages can be established for the Plaintiff and the class with the same common proofs;

    iii.  statutory damages are provided for in the statute and are the same for all Plaintiff Class members and can be calculated in the same or a similar manner;

    iv.  a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    v.  a class action will contribute to uniformity of decisions concerning the Defendant's practices; and

    vi.  as a practical matter, the claims of the members of the Plaintiff Class are likely to go unaddressed absent class certification.

<u>**Count 1**</u>
<u>**Claim for Relief for Violations of the TCPA**</u>

28.  Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 27, above.

29.     This is an action by named Plaintiff, Timothy Blake, and the Plaintiff Class against Defendant, for violations of the TCPA.

30.     Defendant violated the TCPA (47 C.F.R. § 64.1200(a)(4)), which applies to all facsimiles advertisements, by causing the transmission of the Facsimile Advertisements to Plaintiff and the members of the Plaintiff Class that failed to contain the requisite opt-out notice.

31.     The named Plaintiff and the members of the Plaintiff Class are entitled to $1,500 in statutory damages against Defendant for each Facsimile Advertisement promoting its products or services that was knowingly and willfully sent to a telephone facsimile machine that did not contain the mandatory TCPA opt-out notice.

32.     In the alternative, the named Plaintiff and the members of the Plaintiff Class are entitled to $500 in statutory damages against Defendant for each Facsimile Advertisement promoting its products or services that was negligently sent to a telephone facsimile machine that that did not contain the mandatory TCPA opt-out notice.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant and requests an order:

A.  certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Timothy Blake as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the class;

B.  finding that Defendant caused the Facsimile Advertisement to be sent to class members that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each Facsimile Advertisement that was knowingly and willfully sent to a class member, that contained language substantially similar to Defendant's non-compliant opt-out notice.

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each Facsimile Advertisement that was negligently sent to a class member that contained language substantially similar to Defendant's non-compliant opt-out notice.

E. entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiff Class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee to the Plaintiff Class members; and

H. granting supplemental equitable relief as may be appropriate.

## **JURY DEMAND**

Plaintiff and Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: __s/ Richard Bennett_____
        Richard Bennett